JOSEFA ARAÚJO WIDOW OF REGLERO, Plaintiff and Appellee, *v.* HEIRS OF RICARDO REGLERO RIVERO, ETC., Defendants and Appellants.

No. 48. Decided June 29, 1962.

*Eduardo Urrutia Martorell* for appellants.   Appellee did not appear in this proceeding.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Santana Becerra, and Mr. Justice Rigau.

PER CURIAM.

In a complaint filed in the district court Josefa Araújo widow of Reglero claimed from the heirs of Ricardo Reglero Rivero, consisting of his children, Ricardo, Olga, and Carmen Reglero and Carmen Rita Cuevas widow of Reglero, the payment of 25 monthly instalments in the sum of $21.56 each, commencing April 1956 up to May 1958, pursuant to the obligation assumed in a public deed by the predecessor of the said defendants.   The latter were duly summoned, but they failed to set up any allegations and their default was entered.

On motion of plaintiff, accompanied by an affidavit of the amount due, the clerk of the court entered judgment on September 24, 1958 against defendants for the sum claimed.   In view of a motion to secure the effectiveness of the judgment, on September 2, 1959, the court entered the following order:

"In view of the preceding motion, the same is granted and, consequently, the clerk is hereby ordered to issue a writ to the Treasurer of the Inter-American University of San Germán to withhold up to the amount of the judgment the salaries earned or which may be earned by defendant Olga Reglero de Urrutia and transmit the same to the office of the clerk of this court where they shall be deposited subject to further action."

The corresponding writ having been issued and executed, defendant Olga Reglero appeared by motion praying that until further order only one-fourth part be deducted from her monthly salary until she had an opportunity to challenge the validity of the whole attachment. The court complied on September 11, 1959.

On October 6, 1959 defendant filed a motion for nullity of judgment and annulment of the attachment. Plaintiff objected alleging that more than six (6) months had elapsed since judgment was rendered, and moved for dismissal of defendant's motion.

By order of February 29, 1960 the district court held: (1) that the judgment entered by the clerk of the court was not void on its face and that, the motion for nullity of judgment having been filed one year and ten days after entry thereof, such motion should be dismissed pursuant to the provisions of Rule 49.2 of the Rules of Civil Procedure; and (2) that the writ of attachment should be modified in the sense that only one-fourth part of defendant's salary be withheld, and, as thus modified, that it remain in full force and effect.

Defendant appealed to the superior court from such order. Plaintiff-appellee moved for dismissal of the appeal alleging that the order of the district court was not appealable. Appellant objected and on June 13, 1960 the superior court rendered judgment dismissing the appeal as frivolous, inasmuch as the district court was without power to set aside the judgment after six months had elapsed from the entry thereof.

We issued a writ of certiorari to review such judgment.

The superior court erred in dismissing the appeal. Two issues were raised in the petition, to wit: (1) the nullity of the judgment entered by the clerk of the district court, and (2) the nullity of the writ of attachment.

We are agreed that the district court lacked authority to set aside the judgment entered by the clerk on the

ground that the motion thereof was filed after six months had elapsed from the entry of such judgment. Claim was made in the complaint for a sum certain, or which can be made certain by computation, namely: 25 monthly payments in the sum of $21.56 each. Defendants were not minors nor incompetent persons. An affidavit of the amount due was attached to the motion for judgment. Therefore, the clerk could enter the judgment by default against defendants. Rule 45.2 of the Rules of Civil Procedure. From the record it does not appear that the judgment is void. The motion to relieve defendant from the effects of the judgment should have been filed within six months after entry thereof, and it was not done. Rule 49.2. The district court did not err in so holding. Affirmance by the superior court of its order on this point was therefore in order. Yet, the court merely dismissed the appeal as frivolous and did not pass upon the question of the nullity of the attachment. Regarding this question, the six-month bar of Rule 49.2 does not come into play. This is so because the writ of attachment was issued in September 1952 and its nullity was sought in the same month of that year. On the other hand, the challenge of the writ of attachment was not frivolous. That writ provided for the withholding of unearned future salaries. Defendant's contention is at least supported by our authorities. *Diego Agüeros & Co. v. Heres*, 50 P.R.R. 510; *Rodríguez v. Fontes*, 51 P.R.R. 648.

Consequently, the judgment of the superior court will be set aside and the case is remanded for further proceedings.